(No. 82-CC-0978-

CHARLES RAY FOLDEN, Claimant, v. THE STATE OF ILLINOIS, Respondent.

*Order filed September 22, 1983.*

PEEK & GANDY, for Claimant.

NEIL F. HARTIGAN, Attorney General (SUE MUELLER, Assistant Attorney General, of counsel), for Respondent.

HOLDERMAN, J.

This cause having come for consideration on the

joint stipulation of the Claimant and Respondent and the Court being duly advised in the premises:

Finds, that on June 29, 1981, the Respondent, acting through the Department of Transportation, was repairing Illinois Route 54 with the job site situated approximately three miles east of the City of Pinckneyville, Illinois, in the westbound lane. At the end of the regular work day, being 4:00 p.m., the Respondent had excavated an opening in the westbound lane of said highway, and by way of warning those persons rightfully on that highway, both then and after dark, had erected wooden barriers adjacent to the east and west edges of the excavation with some flashing lights atop the barriers. Furthermore, Respondent caused warning signs to be placed about a mile in either direction of the job site where the excavation was located in the highway.

At or about the hour of 10:00 p.m. on said date, the Claimant was westbound on said highway on his 1975 Yamaha motorcycle which was equipped with a headlight, then in operation. Simultaneously, as Claimant approached Respondent's job site three miles east of Pinckneyville, there was vehicular traffic approaching him from the west going east with headlights on. As the Claimant approached the job site, he was unable to see the warning lights because those lights were very dim and he was blinded by the oncoming vehicular traffic lights. As a result, Claimant was unaware of the precise location of the excavation and had slowed his speed; but, nevertheless, before the Claimant could stop his motorcycle, he drove off into the excavation.

As a result of the Claimant driving off into the excavation, his 1975 motorcycle was completely damaged beyond repair, and he suffered cuts, bruises and abrasions, became sore, lame and unable to work at his usual

occupation for several days, during which time he lost days of employment, incurred medical bills, and suffered pain and disfigurement from cuts to his face and body.

The Claimant's damages for personal injury, pain, suffering and disfigurement, his lost wages and property damage are stipulated to be the sum of five thousand dollars ($5,000.00). However, it is further stipulated that although the Respondent, acting through the Department of Transportation, was guilty of negligence, Claimant was nevertheless also negligent to the extent of 45%; and therefore, the Claimant's recovery should be limited to the sum of two thousand seven hundred fifty dollars ($2,750.00). Both parties agree that this award will constitute full and final satisfaction of the claim herein or any other claim arising out the same occurrence.

While this Court is not necessarily bound by a stipulation such as this, it has no desire to interpose a controversy where none appears to exist. The stipulation submitted by Claimant and Respondent appears to have been entered into freely and fairly, and its contents appear to be reasonable. The Court, therefore, finds no reason not to accept it and follow its recommendations for an award of $2,750.00.

Claimant is hereby awarded the amount of $2,750.00 in full and final satisfaction of the instant claim.